FRANCES JONES, Administratrix of ANDREW D.
JONES, *vs.* GEORGE W. JONES, and others.

*Construction of a Decree of the Court of Appeals—
Article 93, section 143, of the Code—Distribution
of an Intestate's Estate.*

The Court of Appeals decided in a case before them, that the marriage of
a certain David Jones and Hannah Williams was valid, and that their
children were entitled to one-half of the estate of Andrew D. Jones,
deceased, as his nephews and nieces. Shortly afterward, the adminis-
tratrix and widow of the deceased Andrew, filed a petition in the
Orphans' Court of Baltimore city, alleging that other persons, who
were not parties to the proceedings in the Court of Appeals, had filed
their petition in said Orphans' Court, alleging themselves to be the
children of the youngest brother of her intestate, and claiming to share
in his estate. The administratrix prayed the Court to appoint a day
in virtue of Article 93, section 143, of the Code, for the distribution of
the estate among those entitled. The Court dismissed the petition on
the ground that the Court of Appeals by its decree, had not only deter-
mined who were the distributees of the intestate's estate, but also their
interest, and that such decree was final. On appeal from the order dis-
missing the petition, it was HELD:

1st. That the decree of the Court of Appeals in so far as it determined
that the marriage of David Jones was valid, and that his children were
entitled to inherit from the intestate as his nephews and nieces, was
final; but upon the question of distribution, it was final only in the
event of the claimants of the estate remaining unchanged, and the same
as presented in the case in which the decree was passed, until the ad-
ministration was legally closed.

2d. That if other claimants appeared after the decision of the Court of
Appeals, the Orphans' Court should hear and pass upon the merit of
their claims, so that the estate might be distributed to the "next of
kin," according to their rights under existing laws.

3d. That the administratrix was entitled to have such orders passed upon
her petition, as would enable her to make a proper distribution of her
intestate's estate among those entitled.

APPEAL from the Orphans' Court of Baltimore City.

The appellant on the 27th of July, 1872, filed her petition
in the Orphans' Court of Baltimore City, alleging that since

the decree of the Court of Appeals in the case of *Jones,* *Adm'x, vs. Jones, et al.* (*see ante p.* 447,) passed on the 20th of June, 1872, a certain Henry Jones, professing and alleging himself to be the sole and only son and heir of Andrew D. Jones, deceased, had filed his petition in the said Orphans' Court, claiming the whole of the property in her hands for distribution, and though the same had been dismissed, it might be renewed in that Court or some other. The petitioner further stated, that since the last mentioned petition, certain David Jones, Robert Jones and Andrew Jones claiming to be the children of George Jones, deceased, who was the youngest brother of her deceased husband, the said Andrew D. Jones, had also filed their petition claiming one-half of his estate, after her share as widow, was taken therefrom ; that her husband in his life time spoke to her of his younger brother George ; and if the said petitioners were really his children, and she had no reason to doubt that they were, they were equally entitled, under the decision of the Court of Appeals in *Jones, Adm'x, vs. Jones, et. al.,* to an equal share in the estate of her intestate, with the children of his elder brother, David Jones ; that the children of George Jones were not apprised of the former proceedings in this Court, were not parties thereto, nor bound thereby. The petitioner prayed the Court to appoint a day, under the provision of Article 93, sec. 143 of the Code of Public General Laws, for the meeting of persons entitled to shares of the estate, so that distribution might be made according to law.

On the 30th of July, 1872, the Court passed an order dismissing the petition, upon the ground that the Court of Appeals by its decree in the case of *Jones, Adm'x, vs. Jones, et al.,* had not only settled who were the distributees of the estate of Andrew D. Jones, deceased, but had gone further and said what their interest was ; and therefore to grant the prayer of the petition would be to treat the authority of the Court of Appeals with contempt.

From this order the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT and ALVEY, J.

*George H. Williams,* for the appellant, argued

That this Court, in affirming the order of the Orphans' Court hereinbefore, were not determining, and did not mean to determine the distributive shares of the estate due respectively to various claimants, but merely that the appellees were nieces and nephews of the intestate, and entitled to such shares as nephews and nieces would be entitled to, having reference to other claimants. Here a son springs up, also other nephews and nieces. If the son establishes his rights, those appellees would be entitled to nothing, and the distributive order would be a nullity. If the son fails, and the other nephews, recently appearing, establish theirs, and as no one denies that they are such, then those appellees are reduced to one-fourth of the estate instead of one-half.

The decree of the Court did not bind these new claimants; they were not parties to the proceedings, and the appellees in the former case have no right to bar and ignore their claims under a novel use of the defence of *res adjudicata.* No such issues as have been since made were for decision *then.* Here an administratrix wishes to distribute fairly and honestly, and for protection wants a warning order of publication, notifying every one to appear. The Article 93, sec. 143, of the Code, expressly provides what she is entitled to have. *State vs. Boyd,* 2 *G. & J.,* 365.

There having been no distribution in fact made when the new claimants appeared, and application having been made to the Orphans' Court for a notice of publication in due time, warning all persons interested to appear, it was the duty of the Orphans' Court to rectify any mistake that there might be in their former order, notwithstanding its affirmance by this Court, which was merely a declaration of the correctness of the order passed by the Orphans' Court upon the then existing state of the case as presented to this Court. *Shultz vs. Houck, Ex'r,* 29 *Md.,* 27.

The Orphans' Court could not receive new evidence to show the appellees in the former case not to be nephews and nieces; *that* the Court of Appeals had settled; but they meant to settle nothing else, for nothing else was before them.

*Wm. Shepard Bryan,* for the appellees.

The decree of the Court in the case referred to in the petition of the appellant, is conclusive upon all the parties to the record. The petitioners in that case alleged that Andrew D. Jones did not leave any child, or brother or sister, or any descendants of brother or sister except themselves. If they had failed to establish this averment in all its parts, they would so far have failed to make out their case, and their petition would either have been dismissed, or they would have recovered a smaller portion of their uncle's estate.

The present appellant resisted their claim in *toto*, and sought to prove by witnesses that her husband left no relations. In the former case she was not attempting to protect the rights of these pretended relations, but was claiming the whole estate for herself, while the petitioners in that case were claiming one-half. They prevailed in the controversy. The decree is binding on Frances Jones in all its integrity.

If other persons claiming to be distributees, file petitions against her, she must litigate the question with them, and not with those who have already succeeded.

She cannot have a bill of interpleader after a decree has passed againt her at the suit of one of the parties. *Union Bank vs. Kerr and Glenn,* 2 *Md. Ch. Dec.,* 460; *Cornish vs. Tanner,* 1 *Younge & Jervis,* 333.

Whether she can protect herself against other claimants, will depend on the question whether she has acted *bona fide. Charlotte Hall School vs. Greenwell,* 4 *Gill & Johns.,* 407. With this question the former petitioners, George W. Jones and others have no concern.

In her petition to the Orphans' Court, she states that all parties recognize the share to which she is entitled as widow,

and the object of the petition seems *to be* to distribute *shares* of the estate, and not the whole of it.

Henry Jones' claim is based upon a total denial of her title *as* widow.

BRENT, J., delivered the opinion of the Court.

In passing the order of the 30th of July last, from which this appeal is taken, the Orphans' Court understood the decision of this Court upon a former appeal in a more extended and conclusive sense than was designed. In that case the decision rested only upon the state of facts then presented by the record. The real question presented was the marriage of David Jones, the brother of the intestate Andrew D. Jones, with Hannah Jones, and the legitimacy of their children. If the marriage was valid in law, the children were legitimate, and of consequence entitled to inherit from the intestate as nephews and nieces. In regard to this marriage and the relationship of the parties, the decree of this Court is final. But upon the question of distribution, the decision was final only in the event of the claimants to the estate remaining unchanged, and the same as presented in that record, until the administration was legally closed. If there were others, not parties to this proceeding, their interest in the estate could not be bound. So long as the estate was unadministered, the administratrix had the right to take such steps as were authorised by the testamentary law for its proper and final administration and distribution. Among these was the appointment of a day for the meeting of persons entitled to a distributive share of the estate, so that distribution might be made under the Court's direction and approval. 1 *Code, Art.* 93, *sec.* 143. If other claimants, since the former decision of this Court, have appeared, it is proper that the Orphans' Court should hear and pass upon the merit of their claims, so that the estate may be distributed to the "next of kin" in such proportion as they may be entitled under existing laws.

The case is properly before the Orphans' Court, upon the petition of the administratrix, Frances Jones, filed on the

27th day of July last, and we think she is entitled to have such orders passed under it, as will enable her to make a proper distribution to those entitled.

The order of the Court, passed on the 30th of July last, dismissing her petition, will therefore be reversed, and the case sent back, that the necessary orders may be passed for a final distribution of the estate to those who may be found entitled according to the degree of their relationship.

*Order reversed and*
*cause remanded.*

(Decided 20th December, 1872.)